**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO JOSE TALAVERA CHAVARRIA, AKA Enrique Alvarado, AKA Mario Jose Talavera, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-72567 <br><br> Agency No. A094-286-268 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Mario Jose Talavera Chavarria, a native and citizen of Nicaragua, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

Substantial evidence supports the agency's conclusion that, even if Talavera Chavarria's asylum claim was timely, his past experiences, including threats, overnight incarceration, and harm to his family, did not rise to the level of persecution.  *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (evidence of repeated threats did not compel a finding of past persecution); *see also Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (petitioner did not establish past persecution where he experienced only discriminatory mistreatment and did not show harm to others was "closely tied" to him).  We reject any contention that the agency did not consider these incidents cumulatively.  Substantial evidence also supports the agency's determination that Talavera Chavarria did not establish a well-founded fear of future persecution because he did not show it would be unreasonable for him to relocate within Nicaragua.  *See* 8 C.F.R. § 1208.13(b)(2)(ii); *see also Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011) (petitioner failed to meet her burden of establishing it would be unreasonable for her to relocate).  Thus, we deny the petition as to Talavera Chavarria's asylum claim.

Because Talavera Chavarria did not establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**